FILED'08 JUL 16 15:40 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLEN WINSTON TAYLOR,   CV 07-1646-MA

        Petitioner,   OPINION AND ORDER

   v.

J.E. THOMAS,
Warden, FCI-Sheridan,

        Respondent.

ALLEN WINSTON TAYLOR
Federal Register Number 57653-065
Federal Correctional Institution
PO Box 5000
Sheridan, OR 97378-5000

    Petitioner, *Pro Se*

KARIN J. IMMERGUT
United States Attorney
SCOTT ERIK ASPHAUG
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

MARSH, Judge:

1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) in Sheridan, Oregon, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

On April 7, 2003 the Honorable Ancer L. Haggerty, Chief Judge of this district, sentenced Petitioner to 57 months imprisonment, 5 years supervised release, and $4,240,339.97 in restitution, after Petitioner pleaded guilty to one count of Bank Fraud in violation of 18 U.S.C. § 1014. Petitioner was released to supervision September 20, 2004. On January 10, 2007 a Warrant issued for Petitioner's arrest after his probation officer alleged he violated the conditions of his release. On April 9, 2007, Petitioner's supervision was revoked and he was recommitted to the custody of the BOP for a period of 27 months. According to Petitioner, his projected good time release date at the time he entered his petition with this Court was December 28, 2008.

On November 1, 2007 Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (#2), and a Motion for Appointment of Counsel (#3). According to Petitioner, when he arrived at FCI Sheridan the BOP began unlawfully withdrawing monthly payments of $30 from his prison bank account, pursuant to the Inmate Financial Responsibility Program (IFRP). *See* 28

C.F.R. § 545.10, et seq. Petitioner requests this Court issue a Writ of Habeas Corpus commanding Respondent to cease collecting any restitution payments from him on the basis that the BOP does not have authority to require him to pay his restitution because the sentencing court did not fix a restitution payment schedule for his period of imprisonment.

On January 18, 2008 Respondent filed a Response (#14) in which Respondent contends that the BOP does have authority to collect restitution payments from Petitioner because the sentencing order says the full restitution amount is "due immediately," and in any event Petitioner is actually making restitution payments voluntarily, notwithstanding his averments to the contrary.

On March 3, 2008 Petitioner filed a Motion for Expedited Hearing (#19), asserting that in January 2008 Respondent increased the monthly restitution payment amount to $80 and that Petitioner had to borrow money from his friends to avoid being identified as IFRP non-compliant, and the attendant consequences of that designation (See 28 C.F.R. § 545.11(d)).

## DISCUSSION

First, as in West v. Thomas, 2008 WL 2704460 (D. Or. July 2, 2008), I credit as true this Petitioner's testimony that he does not wish to make payments toward his restitution sentence

3- OPINION AND ORDER

voluntarily.

Second, I concur with Petitioner that Judge Haggerty did not set a payment schedule for payment of restitution during the period of imprisonment, as required by *U.S. v. Gunning*, 401 F. 3d 1145, 1150 (9th Cir. 2005)(*Gunning II*), in order for the BOP to lawfully collect restitution payments from prisoners. The sentencing order, captioned "SECOND AMENDED JUDGMENT IN A CRIMINAL CASE AFTER REMAND FROM THE NINTH CIRCUIT," contains a page entitled "Restitution and Forfeiture", which sets out the victims of Petitioner's fraud and the amount of restitution Petitioner was sentenced to pay each. Judge Haggerty checked "x" next to a number of phrases on this page relevant to the restitution sentence, such as "The interest requirement is waived" and that restitution shall be paid "in full immediately." However, this page does not set forth a payment schedule of any kind in the event Petitioner was unable to immediately access $4,240,339.97. Another page in the sentencing order entitled, "Supervised Release" does set a restitution payment schedule as one of the conditions of Petitioner's continued release, stating, "If there is any unpaid balance at the time of the defendant's release from custody, it shall be paid at the maximum installment possible and not less than $100 per month." Notably, the Order Revoking Supervised Release (#2, Exhibit B), reimposes this payment schedule as a condition of re-release after service of

4- OPINION AND ORDER

the additional 27 month term upon revocation, yet neither of these documents contains a set schedule for payment of restitution during imprisonment.

Accordingly, I find that the BOP did not have authority to collect restitution payments from Petitioner, though Petitioner is not entitled to a refund because he is in a better position than he would have been as a result of the BOP's action, by being "forced" to reduce his sizable restitution debt. I further find that the BOP does not have authority to sanction Petitioner for not making restitution payments by withholding the benefits of otherwise satisfactory participation in the IFRP.

## CONCLUSION

Based on the foregoing, Petitioner's habeas corpus petition (#2) is GRANTED, and the BOP is ordered to designate Petitioner "IFRP Exempt." All other outstanding motions are denied as moot.

IT IS SO ORDERED.

DATED this _16_ day of July, 2008.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

5- OPINION AND ORDER